Tribune Company, Defendant in Error, v. Anna B. Wendell, Plaintiff in Error.

### Gen. No. 19,214.  (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. Harry M. Fisher, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed. Opinion filed June 1, 1915.

### Statement of the Case.

Action by Tribune Company, a corporation, plaintiff, against Anna B. Wendell, defendant, for money due for advertising, under a written contract under seal, executed by defendant's husband in his individual capacity.

The plaintiff's statement of claim was as follows:

"Plaintiff's claim is for money due for advertising inserted in the Chicago Tribune under the terms of a certain contract in writing executed April 9, 1910, said contract was executed by E. E. Wendell, husband of the defendant herein who is herein sued as the undisclosed principal of said E. E. Wendell, who as her agent in the conduct of the tailoring business known as E. E. Wendell controlled and operated by the defendant herein executed said contract."

The affidavit of claim stated that there was due the plaintiff $636.36. Defendant's affidavit of merits set forth as grounds of defense that defendant never authorized said E. E. Wendell to enter into any agreement with the plaintiff on her behalf, never ratified said agreement, nor entered into any agreement with

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the plaintiff; that plaintiff sued and recovered judgment for $636.36 and costs against E. E. Wendell, husband of defendant, upon the same cause of action, in the Municipal Court on April 24, 1911, on which judgment an execution was issued and returned no part satisfied; that plaintiff had knowledge and notice, prior to bringing said suit against said E. E. Wendell, that he was the agent of defendant, and that plaintiff, having elected to hold the said agent upon the same cause of action in said prior suit, is estopped from holding defendant thereon.

Upon the close of all the evidence, at the trial of the case before a jury, the court instructed the jury to return a verdict for the plaintiff, and upon the verdict so returned judgment was entered against defendant for the amount of the claim. This writ of error is prosecuted to reverse such judgment.

The contract sued on was under seal and executed by E. E. Wendell, the husband of defendant, in his individual capacity.

The record disclosed that prior to the commencement of the present suit against defendant, plaintiff brought suit in the Municipal Court against E. E. Wendell upon the same cause of action, and there recovered a judgment against him for the like amount.

ALVIN E. STEIN, for plaintiff in error.

SHEPARD, McCORMICK & THOMASON, for defendant in error.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

### Abstract of the Decision.

1. PRINCIPAL AND AGENT, § 180*—*when undisclosed principal cannot be held on contract under seal by agent.* Where the agent for an undisclosed principal executes a contract under seal in his individual capacity, the principal cannot be held liable thereon, even though the contract would have been valid without seal.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2.  PRINCIPAL AND AGENT, § 180*—*when undisclosed principal cannot be held liable as partner on contract by agent in his individual capacity.*  An undisclosed principal cannot be held liable on a contract by the agent under seal and in his individual capacity on the theory that the principal and agent were copartners where they are not sued as copartners.

3.  PRINCIPAL AND AGENT, § 180*—*when undisclosed principal not held liable on contract by agent under seal and in individual capacity.*  In an action on a contract for advertising, executed under seal by an agent in his individual capacity for an undisclosed principal, the fact that the contract states that the advertising therein was for the business "of the advertiser," does not render the principal liable, though she was, in fact, conducting the business, where the contract expressly refers to the agent as the advertiser.